UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH MOUNT<br>215 S. Black Horse Pike<br>Blackwood, New Jersey, 08012<br><br>         Plaintiff,<br><br>    v.<br><br>MACY'S RETAIL HOLDING, INC.<br>6003 Voorhees Town Center<br>Voorhees, NJ 08043<br><br>         Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Sarah Mount (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby complains as follows against Defendant Macy's Retail Holding, Inc. (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff was terminated from employment due to her disability and/or perceived disability and for taking protected absences, in violation of the NJLAD and the FMLA. As a result of Defendant's action, Plaintiff suffered damages as set forth herein.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's

1

underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a corporation that does business in New Jersey at the above captioned address.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Plaintiff was hired by Defendant 2006 as a sales associate at Defendant's West Deptford retail location.

11. In or around 2008, Plaintiff was transferred to Defendant's Voorhees retail location.

12. On or about September 6, 2011, Plaintiff began to suffer from extreme chest pain.

13. Plaintiff immediately sought medical attention, and was diagnosed with an infection of the lungs (hereinafter Plaintiff's "Medical Condition").

14. Plaintiff's physician ordered that she remain out of work until September 6, 2011 to treat her Medical Condition.

15. Plaintiff received continuing treatment of doctors' visits and medication for her Medical Condition.

16. Plaintiff immediately provided a copy of her doctor's note to Defendant's Human Resources ("HR") department.

17. Thereafter, Plaintiff informed her Manager, Valarie Verne, about her Medical Condition and need for leave.

18. Defendant failed to provide individualized notification to Plaintiff regarding her rights under the FMLA

19. On or about September 10, 2011, Plaintiff returned to work.

20. On or about October 11, 2011, Plaintiff's Medical Condition worsened and Plaintiff again sought medical attention.

21. Plaintiff's physician ordered that Plaintiff remain out of work for a period of two days to treat her Medical Condition.

22. Plaintiff again provided a copy of her doctor's note stating her need for leave to Defendant's HR department.

23. Plaintiff also communicated her need for leave and reasons for same to Ms. Verne.

24. Defendant failed to provide individualized notification to Plaintiff regarding her rights under the FMLA

25. On or about October 13, 2011, Plaintiff returned to work.

26. On or about November 8, 2011, Plaintiff suffered an asthma attack at work for which she sought medical attention.

27. Plaintiff's physician determined that the asthma attack was caused by a worsening of Plaintiff's Medical Condition and again ordered that Plaintiff remain out of work until November 15, 2011, to treat her Medical Condition.

28. On or about November 8, 2011, Plaintiff telephoned the HR department to inform them of her need for leave.

29. After speaking to the HR manager, Plaintiff was transferred to speak to Defendant's General Manager, Grazelda Giaconne, who informed Plaintiff that Defendant was unlikely to hold Plaintiff's job open as a result of her need for leave.

30. On or about November 15, 2011, Plaintiff returned to work.

31. Upon returning to work, Plaintiff attempted to hand Ms. Giaconne a note from her physician regarding her need for medical leave on November 8, 2011. Ms. Giaconne refused to accept Plaintiff's note and informed Plaintiff that she would need to meet with HR.

32. Thereafter, Plaintiff entered into a meeting with HR whereby she was informed that Defendant had fired her for accumulating too many absences.

33. Plaintiff objected to Defendant's termination, reminding Defendant that each of her absences was related to her Medical Condition.

34. From September 2011 until the date of her termination, Plaintiff did not miss work for any reason other than her Medical Condition.

35. Defendant failed to designate any of Plaintiff's absences as FMLA-qualifying.

36. Each absence requested by Plaintiff was protected by the FMLA and should have been designated and treated as same by Defendant, but Defendant failed to do so.

37. At the time of her termination, Plaintiff had cumulatively taken approximately three (3) weeks of absences that Defendant should have designated and treated as FMLA-protected, but failed to do so.

38. In fact, Plaintiff was terminated/ by Defendant because of her FMLA-protected absences, because of her Medical Conditions, and because she needed to take various days off of work due to her Medical Conditions

### COUNT I
### Violations of the Family and Medical Leave Act
**(Interference)**

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

41. As of September 2011, Plaintiff was employed with Defendant for at least twelve (12) months.

42. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of her medical leaves of absence.

43. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the current or proceeding calendar year.

44. Plaintiff's Medical Condition constituted a serious health condition within the meaning of the FMLA.

45. Plaintiff required time off from work to treat her Medical Condition.

46. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

47. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

48. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized notice of her FMLA rights.

49. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated eligibility notice.

50. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated rights and responsibilities notice.

51. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated designation notice.

52. Defendant interfered with Plaintiff's FMLA rights by failing to designate her absences as FMLA-qualifying.

53. Defendant interfered with Plaintiff's FMLA rights by firing her for having taken leave that Defendant should designated and treated as FMLA protected leave.

54. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Defendant retaliated against Plaintiff by firing her for having taken leave that Defendant should designated and treated as FMLA protected leave.

57. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Disability/Perceived Discrimination)

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. At all times relevant herein, Plaintiff's Medical Conditions rendered her an individual with a disability under the NJLAD.

60. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

61. Plaintiff was terminated by Defendant because she suffered from medical conditions and/or because Defendant perceived her as being disabled.

62. Defendant's actions as aforesaid constitute violations of the NJLAD.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Failure to Accommodate)

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. Plaintiff requested a reasonable accommodation from Defendant in that she sought to be permitted to take various leaves caused by her Medical Conditions and/or treatment for her Medical Conditions.

65. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

66. Defendant's aforementioned conduct is in violation of the New Jersey Law Against Discrimination.

### COUNT V
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Retaliation)

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. Plaintiff requested a period of time off from work due to a disability.

69. Requesting an accommodation for a disability and accepting the accommodation are clearly protected activities under the NJLAD.

70. Defendant terminated Plaintiff because she requested the aforementioned accommodations.

71. Defendant's aforementioned conduct constitutes retaliation pursuant to the NJLAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their health conditions;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquidated damages are sought under the FMLA);

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

    Respectfully submitted,

    **SWARTZ SWIDLER, LLC**

    */s/ Richard Swartz*
    Richard S. Swartz, Esq.
    Justin L. Swidler, Esq.
    1878 Marlton Pike East, Suite 10
    Cherry Hill, NJ 08003
    (856) 685-7420
    (856) 685-7417 Fax

Dated: February 23, 2012